IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER G. WILLIAMS, individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>      v.<br><br>NAVMAR APPLIED SCIENCES CORPORATION,<br><br>        *Defendant*. | CIVIL ACTION<br>NO. 16-4639 |

**PAPPERT, J.**                                                                                             August 9, 2017

<u>**MEMORANDUM**</u>

      Christopher Williams brought a collective action against Navmar Applied Sciences Corporation under the Fair Labor Standards Act ("FLSA"). (Compl., ECF No. 1.) The parties have resolved the case on the merits, but cannot agree on what reasonable attorneys' fees are owed to Williams's lawyers under the FLSA's mandatory fee shifting provision. *See* 29 U.S.C. § 216(b). Williams's Fee Petition, with objections from Navmar, is now before the Court. After reviewing all relevant material, including the Petition, Response, Reply and time sheets, the Court approves the Petition in part and denies it in part for the reasons explained below.

**I.**

      Williams sued Navmar on August 25, 2016, alleging that the company violated the FLSA by failing to properly compensate Williams, and others similarly situated, for work performed in excess of forty hours per week. *See generally* (Compl.). The parties shortly thereafter filed a joint motion to stay the proceedings to explore a potential settlement. (ECF No. 3.) The Court granted the motion and stayed the case until

1

November 21, 2016. (ECF No. 4.) On November 16, 2016 the Court granted the parties' request for a thirty-day extension of the stay, until December 21, 2016. (ECF No. 6.) The parties then requested two additional extensions, which the Court granted on December 20, 2016, (ECF No. 7 (extending the stay until January 23, 2017)), and January 19, 2017, (ECF No. 8 (extending the stay until February 19, 2017)).

During a telephone conference held on February 23, 2017, (ECF No. 11), the parties informed the Court that the case was settled on the merits, but that the parties could not agree on the attorneys' fees. Specifically, Navmar had agreed to pay five employees a total of $8,239.71, which represented 100 percent of their back pay, in addition to $2,200.14 in liquidated damages and $500 to Williams for his role as lead plaintiff. The total settlement for the five plaintiffs was $10,939.85. (Pet., at 9, ECF No. 15-1.) Navmar's counsel requested a settlement conference on the fee issue. Williams's counsel expressed concern about further delays, but agreed to a settlement conference if one could be scheduled promptly.

The parties had two settlement conferences with Judge Hey on February 27, 2017 and March 7, 2017. (ECF Nos. 13 & 14.) After they could not resolve the dispute, Williams's counsel filed a Fee Petition on March 13, 2017. (ECF No. 15.) Navmar filed its response on March 27, 2017, (ECF No. 16), and Williams's counsel replied on April 4, 2017, (ECF No. 17). The Court held oral argument on the petition on July 20, 2017. (ECF No. 21.)

## II.

The FLSA provides that a court "shall, in addition to any judgement awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant."

29 U.S.C. § 216(a). In statutory fee shifting cases, courts use the lodestar formula, "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Loughner v. University of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001); *see In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 333 (3d Cir. 1998) ("The lodestar method is more commonly applied in statutory fee-shifting cases, and is designed to reward counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that a percentage-of-recovery method would provide inadequate compensation.").

If the "applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Id.* (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). "The District Court must articulate the basis for a fee award" and "the record must reflect, at least, that the trial court fully comprehended the factual and legal issues and adequately performed the decision reaching process." *Id.* (internal quotation and citation omitted). The "party opposing the fee award has the burden to challenge by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee" and "the district court cannot decrease a fee award based on factors not raised at all by the adverse party." *Id.* (internal quotation and citation omitted); *see also United States ex rel. Palmer v. C & D Technologies, Inc.*, No. 12-907, 2017 WL 1477123, at *3 (E.D. Pa. Apr. 25, 2017).

Williams's counsel seeks $57,570 in fees for 135.9 hours of work. Navmar does not object to the hourly rates charged,[1] but does object to the amount of hours spent on three different tasks during the litigation: (1) pre-suit investigation and drafting the complaint; (2) calculating and recalculating the settlement demand; and (3) preparing the Fee Petition. "[I]n calculating the hours reasonably expended, the District Court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Id.* (internal quotation and citation omitted). Navmar's counsel did not object to specific time entries, but focused on categories of grouped time. Similarly, in response to Navmar's objections, Williams's counsel defended the time spent on these categories and oral argument proceeded in the same fashion. As a result, the Court will analyze these broad categories of time, rather than individual time entries.

As an initial matter, this case involved no motion practice, no depositions, no written discovery and limited "informal" document production (consisting of the employee time records from 19 employees). Virtually the entire case was devoted to settlement negotiations and preparation of the Fee Petition. After reviewing the limited records, Williams's counsel possessed all the information he needed to resolve the case: the amount of overtime that Navmar failed to pay five of its employees. Unsurprisingly, the case settled on the merits and the affected employees will be made whole—an admirable result. Today's decision, however, while necessary to the

---

[1] The partner's rate was $465 in 2016 and $475 in 2017; the associate's rate was $295 in 2016 and $310 in 2017.

employees' receipt of their compensation, compels the Court to perform the "hellish judicial duty" of resolving a disputed Fee Petition. *Palmer,* 2017 WL 1477123, at *1.

A.

Williams's counsel spent 14.8 hours conducting a pre-suit investigation and 15.8 hours drafting the complaint. Navmar contends that both activities should have taken only 8 hours combined.

Navmar's principal contention is that because Williams's counsel had just litigated a separate FLSA case against Navmar, he was familiar with their business and did not have to conduct an extensive investigation before filing suit. Williams's counsel explained, however, that this case involved a different program at Navmar, with different employees who performed different tasks. It was necessary to interview these employees, perform due diligence, and investigate potential claims. The Court generally credits Williams's counsel's argument, though counsel had a basis of knowledge from the prior case. While the majority of the time spent conducting pre-suit discovery was reasonable, the Court will reduce the time to 10 hours, a reduction of 4.8 hours.

The time spent drafting the one count complaint was excessive. Williams's counsel is an experienced FLSA-litigator who filed a similar complaint against Navmar in a prior case. The Court will reduce the time spent on preparing the Complaint to 8 hours, a reduction of 7.8 hours.

B.

Williams's counsel spent 40.6 hours calculating and an additional 6 hours recalculating his settlement demand. Navmar contends that it should have taken 7

hours to calculate the demand and that no credit should be given for recalculating the demand.

Williams's counsel maintains that to calculate an accurate settlement demand, it was necessary to determine the specific amount of unpaid overtime and the number of employees impacted by carefully reviewing the employee records. The Court agrees. There was also a fair amount of paperwork to review—Williams's counsel estimated that the total paperwork for approximately 19 employees was about 500 pages.[2] It is Williams's counsel's method for calculating the unpaid time, however, that was unreasonable.

Counsel explained that his associate calculated the unpaid overtime by hand—without the help of any specialized software or even an Excel spreadsheet. Defense counsel believes that "any wage and hour attorney on either the plaintiff's or defense side should, and probably does have, an efficient process set up, either with a paralegal or a financial actuary, to be able to take those numbers and input that data." (Tr. of Hr'g, at 58:15–19.) Williams's counsel insisted that his firm is small and doesn't have "fancy software." (*Id.* at 71:9–11.) The Court cannot credit that explanation.

Counsel's firm's website touts that it offers "big firm experience" but with "small firm attention." *See* Kleinbard LLC, http://www.klienbard.com (last visited Aug. 3, 2017). According to the website, the firm employs 31 attorneys in its office in Liberty Place and boasts "big firm capabilities." It is not reasonable to seek payment for almost 41 hours of work, performed without any technological assistance, on the theory that an office with big firm capabilities in this day and age lacks even basic computer programs.

---

[2] Nineteen employees "fit within the definition of the class." (Pet., at 7, ECF No. 15-1.) After reviewing their records, Williams's counsel concluded that only 5 of the 19 had FLSA claims against Navmar. (*Id.* at 9.)

The Court will reduce the time spent calculating a settlement demand to 15 hours, a reduction of 25.6 hours.

Williams's counsel also spent 6 hours recalculating the settlement demand after learning that Navmar utilized a Sunday through Saturday workweek rather than a more typical Monday through Sunday workweek.[3] Navmar contends that had Williams's counsel used any type of software, he could have adjusted the workweek calculations quite quickly. The Court agrees and will not credit any of the hours spent recalculating the demand, a reduction of 6 hours.

## C.

Finally, Williams's Counsel spent 34.8 preparing the Fee Petition. Navmar contends that this should have taken 6 hours.

Williams's counsel justifies the time spent on the Fee Petition (and his time spent on the case in general) by claiming that because of Navmar's aggressive defense of his prior case, he had to go above and beyond in this case in order to stave off Navmar's defense. *See, e.g.*, (Tr. of Hr'g, at 69:14–24). For example, expecting a motion to dismiss, he had to cross his "Ts" and dot his "Is" to ensure that the Complaint could survive such a challenge. Similarly, in preparing the Fee Petition he expected it would be met with "strong opposition." (Reply, at 8, ECF No. 17.)

Each case should be diligently thought out and prepared. When an attorney files a complaint, he should expect it to survive a motion to dismiss. Counsel cannot be reimbursed for "over-preparing" any time he or she expects an opponent to aggressively

---

[3] Much ink was spilled in the papers over whether Williams's counsel should have known about the purportedly unique work week or if Navmar was at fault for not informing him of it. The Court needn't wade into this battle to conclude that the hours spent calculating and then recalculating the demand were excessive.

7

defend a case.  *Cf. Loughner*, 260 F.3d at 179 ("Having prevailed in the litigation is not cause to overwhelm the losing party with unreasonable fees and costs.  Hours that would not generally be billed to one's own client are not properly billed to an adversary." (quotation omitted)).  The Court respects counsel's thoroughness, but assuming that your opponent will challenge everything you do is not grounds as a general matter for spending an unreasonable amount of time on each facet of the case.

The 34.8 hours spent on the Fee Petition represents approximately 25 percent of the total time spent on this case.  This is not reasonable.  The Court will reduce the time spent preparing the Fee Petition to 15 hours, a reduction of 19.8 hours.

**IV.**

The Court reduces the hours charged by a total of 64 hours and approves $29,850 in attorneys' fees and $879.37 in costs.[4]  Counsel for both parties shall file a joint settlement agreement—to include the fee total outlined in this memorandum—for judicial review on or before **August 15, 2017**.

An appropriate Order follows.

---

[4]     Navmar did not object to the hourly rates applied in the case or criticize how work was divided between the partner and associate.  The Fee Petition explains that of the $55,989.50 in fees requested, $45,997.50 represents work performed by the partner assigned to the case, while $9,992 reflects the time spent by the associate.  The reply brief seeks an additional $1580.50—$712.50 due to the partner and $868 due to the associate.  Thus, the total fees requested are $57,570 of which $46,710 (approximately 81 percent) represent work by the partner and $10,860 (approximately 19 percent) by the associate.
       The Court will reduce the fees proportionately.  Of the 64 hours being reduced, 81 percent of these hours (52 hours) shall be reduced at the partner rate of $465 and 19 percent (12 hours) shall be reduced by the associate rate of $295.  Thus, the fees are reduced by a total of $27,720.  This is the sum of $24,180 (52 hours multiplied by $465) and $3,540 (12 hours multiplied by $295).  Although the partner and associate billing rates changed during the course of this litigation, the change was negligible and the majority of the hours billed in this case occurred under the 2016 rates, which the Court uses here to calculate the fee reductions.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.